# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STEPHEN T. BRADLEY,<br><br>                              Respondent,<br><br>        v.<br><br>CITY OF OLYMPIA and DEPARTMENT OF<br>LABOR AND INDUSTRIES,<br><br>                              Appellants. | No. 54981-6-II<br><br><br>PUBLISHED OPINION |

MAXA, J. – The City of Olympia appeals a superior court order granting summary

judgment for Stephen Bradley, a former firefighter in the City's fire department, on a workers'

compensation claim that he filed with the Department of Labor and Industries (DLI). Bradley

claimed that firefighting activities caused his bladder cancer.

RCW 51.32.180 states that any worker who suffers disability from an occupational

disease in the course of employment is entitled to certain workers' compensation benefits.

Under RCW 51.08.140, an "occupational disease" is a disease that "arises naturally and

proximately out of employment."

In addition, RCW 51.32.185(1)(a)(iii)[1] establishes a presumption for firefighters that

cancer is an occupational disease. RCW 51.32.185(3)(b) expressly applies that presumption to

bladder cancer. This presumption is rebuttable. RCW 51.32.185(1)(d). In *Spivey v. City of*

_____

[1] RCW 51.32.185 has been amended twice since Bradley filed his workers' compensation claim, and the amendments have changed the numbering of the relevant subsections. Because the amendments are not material to this case, we cite to the current version of the statute.

*Bellevue*, the Supreme Court stated that to rebut the RCW 51.32.185(1) presumption, the firefighter's employer must "provide evidence from which a reasonable trier of fact could conclude that the firefighter's disease was, more probably than not, caused by nonoccupational factors." 187 Wn.2d 716, 735, 389 P.3d 504 (2017).

DLI denied Bradley's workers' compensation claim, and Bradley filed a petition for review with the Board of Industrial Insurance Appeals (Board). To rebut the RCW 51.32.185(1)(a) presumption, the City presented medical evidence that firefighting activities *in general* do not cause bladder cancer. The Board affirmed DLI's denial, finding that the City had rebutted the statutory presumption. On appeal, the superior court granted summary judgment in favor of Bradley on the grounds that the City's medical evidence could not rebut the RCW 51.32.185(1)(a) presumption.

We hold that an employer cannot rebut the presumption under RCW 51.32.185(1)(a) with evidence that firefighting activities *in general* do not cause bladder cancer. Instead, to avoid summary judgment an employer must present sufficient evidence that the individual claimant's bladder cancer was caused by nonoccupational factors. Here, summary judgment was appropriate because the City failed to present evidence that created a genuine issue of material fact as to whether nonoccupational factors caused Bradley's bladder cancer.

Accordingly, we affirm the superior court's order granting summary judgment in favor of Bradley and remand to DLI to approve Bradley's workers' compensation claim.

FACTS

*Background*

Bradley was born in August 1949. He worked as a firefighter for the City from 1997 until 2014. As a firefighter, Bradley was exposed to diesel exhaust during various firefighting

activities. He also was exposed to mild to moderate smoke, fumes, and toxins as well as the exhaust from the fire equipment and emergency vehicles while responding to fire suppression-related calls. After fire-suppression activities, Bradley would have soot on his wrists and around his neck. He also would expel a black substance when coughing or blowing his nose.

Bradley never had any lung problems while working as a firefighter. None of his annual physicals with the City's fire department showed any signs of cancer. Bradley's father had colon cancer that doctors suspected was caused by exposure to Agent Orange when he served in the Vietnam War. Other than his father, there was no history of cancer in Bradley's family.

In September 2016 when he was 67 years old, Bradley was diagnosed with bladder cancer. After his diagnosis, Bradley filed a workers' compensation claim under RCW 51.32.185(1) with DLI, alleging that his firefighting activities caused his bladder cancer. DLI denied his claim.

*Petition for Review to Board*

Bradley filed a petition for review of DLI's decision with the Board. In April 2018, an industrial appeals judge (IAJ) held an evidentiary hearing. Bradley generally testified to the facts stated above. He also admitted that he consistently was exposed to secondhand smoke for the first 19 years of his life because both of his parents smoked. In addition, Bradley and his coworker testified about their duties as firefighters.

Bradley also relied on deposition transcripts from his medical expert witness Dr. Kenneth Coleman, an emergency medicine and family medicine physician and attorney. He generally testified that medical studies showed that there was a causal link between firefighting and bladder cancer and agreed with statements from medical studies that were read to him. But he

also agreed that an epidemiological study that established an association or correlation did not necessarily establish causation.

Dr. Coleman generally stated that exposure to secondhand smoke can be a cause of bladder cancer. But he was not asked whether Bradley's exposure to secondhand smoke could have been the cause of his bladder cancer.

The City presented deposition transcripts to the IAJ from three medical expert witnesses: Dr. Bill Vanasupa, a Board certified urologist and Bradley's treating physician; Dr. Noel Weiss, an epidemiologist and epidemiology professor at the University of Washington; and Dr. Erik Torgerson, a Board certified urologist and medical director of urology at the Swedish Urology Group.

Dr. Vanasupa began treating Bradley's bladder cancer in September 2016. He generally stated that based on the articles he reviewed, he believed that there was an increase in bladder cancer mortality among firefighters, but that the increase was not statistically significant. Dr. Vanasupa stated that it was possible that firefighting caused Bradley's bladder cancer, but there was less than a 50 percent probability of a causal connection. But he admitted that he did not know what carcinogens firefighters in general or Bradley specifically were exposed to during fire suppression activities.

Dr. Vanasupa stated that a history of smoking could cause bladder cancer and that certain genetic predispositions could make bladder cancer more likely in a person. But he acknowledged that Bradley was not a smoker and that there was no history of bladder cancer in his family. Dr. Vanasupa also mentioned radiation exposure as a potential causation for bladder cancer, but he did not suggest that Bradley had been exposed to radiation.

Dr. Weiss testified that based on his review of studies involving firefighters and bladder cancer, his opinion was that it was unreasonable to make the inference that exposure to firefighting activities caused bladder cancer. He testified that there were inconsistent conclusions among the 30 studies regarding this hypothesis, and that there was a weak association between firefighting activities and bladder cancer. His opinion was that firefighting does not have the capacity to cause bladder cancer, but he could not rule out that possibility.

Dr. Weiss acknowledged that Bradley's medical records showed that he was a nonsmoker with no family history of bladder cancer. He admitted that he did not know how many times Bradley was exposed to various carcinogens while on the job.

Dr. Torgerson testified that he believed that firefighting was not an occupation that had an association with bladder cancer. He admitted that he had no knowledge about the extent to which Bradley was exposed to carcinogens as a firefighter or what Bradley's duties were as a firefighter. Dr. Torgerson testified that Bradley was a nonsmoker who had no family history of kidney or bladder cancer, or any genitourinary cancer.

The IAJ entered a proposed decision and order affirming DLI's order. The IAJ determined that the statutory presumption under RCW 51.32.185(1) applied, but that the City's expert medical evidence had rebutted the presumption by a preponderance of the evidence. However, the IAJ noted that none of the medical experts could state with certainty as to what caused Bradley's bladder cancer. And the IAJ found that the evidence regarding Bradley's history of exposure to secondhand smoke from other employment and non-employment activities was insufficient to rebut the presumption. Nevertheless, the IAJ concluded that the preponderance of the evidence did not establish that Bradley's distinctive employment conditions caused his cancer rather than conditions of everyday life or employments in general.

The Board adopted the IAJ's decision and order and denied Bradley's petition for review.

*Superior Court*

Bradley appealed the Board's decision to the superior court. He filed a summary judgment motion on the grounds that the City had failed to prove by a preponderance of the evidence that his bladder cancer was, more probably than not, caused by nonoccupational factors. After Bradley filed his summary judgment motion, DLI conceded that Bradley's workers' compensation claim should be allowed.

The superior court granted Bradley's summary judgment motion after reviewing the entire certified appeal board record. The court awarded Bradley reasonable attorney fees and remanded to DLI to allow Bradley's claim.

The City appeals the superior court's summary judgment order.

ANALYSIS

A.    OCCUPATIONAL DISEASE PRESUMPTION FOR FIREFIGHTERS

The Industrial Insurance Act (IIA), Title 51 RCW, governs workers' compensation claims. RCW 51.32.180 states that any worker who contracts an occupational disease in the course of employment is entitled to certain workers' compensation benefits. An "occupational disease" is a disease that "arises naturally and proximately out of employment." RCW 51.08.140. In general, the worker bears the burden of proving an occupational disease when asserting a workers' compensation claim. *Spivey*, 187 Wn.2d at 726.

However, RCW 51.32.185(1)(a)(iii) and (3)(b) establish a presumption that bladder cancer is an occupational disease for firefighters. This presumption can be rebutted by the preponderance of the evidence. RCW 51.32.185(1)(d). "Such evidence may include, but is not limited to, use of tobacco products, physical fitness and weight, lifestyle, hereditary factors, and

exposure from other employment or nonemployment activities." RCW 51.32.185(1)(d). Whether an employer has rebutted the RCW 51.32.185(1) presumption generally is a question of fact. *Spivey*, 187 Wn.2d at 727-28.

In *Spivey*, the Supreme Court determined that the Morgan theory of presumptions applies to RCW 51.32.185(1). *Id.* at 731-35. Under the Morgan theory, "[t]he presumption does not vanish on the production of contrary evidence; it shifts both the burden of production and persuasion to the employer" to show that firefighting activities are not the cause of the firefighter's disease. *Id.* at 731. In other words, the employer has the "burden both to *produce* contrary evidence and to *persuade* the finder of fact" that firefighting did not cause the disease. *Id.* at 735.

The court stated that rebutting the statutory presumption under RCW 51.32.185(1) does not require the employer to prove the specific cause of the firefighter's disease. *Id.* Instead, the employer is required to produce evidence "from which a reasonable trier of fact could conclude that *the firefighter's disease was, more probably than not, caused by nonoccupational factors*." *Id.* (emphasis added).

B.      STANDARD OF REVIEW

On appeal from the superior court for an industrial insurance claim, we review the superior court's decision, not the Board's order. *Leitner v. City of Tacoma*, 15 Wn. App. 2d 1, 11, 476 P.3d 618 (2020), *review denied,* 196 Wn.2d 1045 (2021); *see also* RCW 51.52.140.

We review a superior court's order on summary judgment de novo. *Weaver v. City of Everett*, 194 Wn.2d 464, 472, 450 P.3d 177 (2019). All facts and reasonable inferences are construed in the light most favorable to the nonmoving party. *Id.* Summary judgment is

appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  CR 56(c); *Weaver*, 194 Wn.2d at 472.

In addition, this case involves statutory interpretation, which is a question of law that we review de novo.  *Spivey*, 187 Wn.2d at 726.  Our primary goal in interpreting a statute is to determine and give effect to the legislature's intent.  *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 722, 406 P.3d 1149 (2017).  We discern this intent through the language of the statutory provision, the context of the statute, and related statutes.  *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014).

RCW 51.12.010 states that the IIA "shall be liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment."  "The IIA is remedial in nature, and thus we must construe it 'liberally . . . in order to achieve its purpose of providing compensation to all covered employees injured in their employment, with doubts resolved in favor of the worker.' "  *Spivey*, 187 Wn.2d at 726 (alteration in original) (quoting *Dennis v. Dep't of Labor & Indus.*, 109 Wn.2d 467, 470, 745 P.2d 1295 (1987)).  Specific to this case, the court in *Spivey* stated, "RCW 51.32.185 reflects a strong social policy, and thus we must accord it the strength intended by our legislature."  187 Wn.2d at 731.

C.      REBUTTING THE RCW 51.32.185(1)(a) PRESUMPTION

The City argues that the statutory presumption under RCW 51.32.185(1)(a) can be rebutted solely with medical evidence that firefighting activities *in general* do not cause bladder cancer.  The City claims that presentation of such evidence necessarily shows that Bradley's bladder cancer must have been caused by nonoccupational factors, thereby satisfying the *Spivey* requirement.  We disagree.

8

1.    Evidence Challenging the Validity of the Presumption

The City presented medical evidence that firefighting in general does not cause bladder cancer. The City argues that this evidence is sufficient to create a question of fact as to whether Bradley's bladder cancer was caused by nonoccupational hazards, which *Spivey* stated was required to rebut the RCW 51.32.185(1) presumption. The City claims that if firefighting in general does not cause bladder cancer, Bradley's cancer must have been caused by nonoccupational hazards rather than by his firefighting activities.

We reject this argument. By adopting the presumption that a firefighter's bladder cancer is an occupational disease, the legislature already has determined that there is at least some causal connection between firefighting activities and bladder cancer. In other words, RCW 51.32.185(1)(a) is designed to foreclose the argument that firefighting activities cannot cause bladder cancer.

The City's argument essentially is that the legislature was wrong when it enacted RCW 51.32.185(1)(a). An employer who presents evidence that firefighting activities actually do not cause bladder cancer is not rebutting the presumption; it is attacking the validity of the presumption itself. The City is arguing that the presumption should not exist because the evidence does not support it. But RCW 51.32.185(1)(a) is the law. Adopting the presumption was within the legislature's prerogative. It would make no sense to allow an employer to defeat a firefighter's workers' compensation claim by disagreeing that the presumption is legitimate.

*Spivey* supports the conclusion that an employer cannot rebut the RCW 51.32.185(1)(a) presumption with evidence that firefighting actually does not cause the disease subject to the presumption. The court in *Spivey* indicated that the RCW 51.32.185(1) presumption was adopted because firefighters may have difficulty producing evidence that firefighting actually

caused their disease. 187 Wn.2d at 734-35. In addressing the legislature's addition of melanoma to the list of cancers to which RCW 51.32.185(1) applies, the court stated,

> [The legislature] added melanoma despite testimony that there was not enough scientific evidence to support adding additional diseases to the statute. *See* H.B. REP. ON H.B. 2663, at 3, 57th Leg., Reg. Sess. (Wash. 2002) ("[t]he bill is too broad because it covers conditions for which no correlation to fire fighting exposure is known"). Thus, the apparent purpose of adding melanoma to the list of covered diseases was *to compensate firefighters even in circumstances when there may not be strong medical or scientific evidence establishing a definitive causal relationship between firefighting and the disease*.

*Id.* (emphasis added).

The court concluded, "RCW 51.32.185 reflects the legislature's intent to relieve a firefighter of unique problems of proving that firefighting caused his or her disease." *Id.* at 741-42.

This court's decision in *Gorre v. City of Tacoma*, 180 Wn. App. 729, 758, 324 P.3d 716 (2014), *reversed on other grounds*, 184 Wn.2d 30 (2015), also is consistent with the conclusion that an employer cannot rebut the RCW 51.32.185(1)(a) presumption with evidence that firefighting actually does not cause the disease at issue. The court stated that a firefighter retains the benefit of the RCW 51.32.185(1) presumption "even if there is no known association between the disease and firefighting." *Id.* This statement necessarily means that an employer cannot rebut the presumption with evidence that there is no association between firefighting and the disease at issue.[2]

In addition, we must liberally construe RCW 51.32.185(1)(a) in a manner that is favorable to the worker. RCW 51.12.010; *Spivey*, 187 Wn.2d at 726. And we must give effect

---

[2] The parties debate whether this statement is dicta. But regardless of whether it is dicta, the statement is consistent with *Spivey*.

to the strong social policy reflected in RCW 51.32.185(1). *Spivey*, 187 Wn.2d at 731. Rejecting the City's argument is consistent with this strong social policy.

Similarly, even if the City's position was reasonable, we must interpret RCW 51.32.185(1) in a manner that best advances the statute's legislative purpose. *Wright*, 189 Wn.2d at 729. The clear purpose of RCW 51.32.185(1) is to extend workers' compensation benefits to firefighters who develop certain specified diseases even if a connection between the disease and firefighting cannot be shown, unless the employer can prove that nonoccupational factors caused the firefighter's disease. *See Spivey*, 187 Wn.2d at 733-34, 741-42.

The City refers to RCW 51.32.185(1)(d), arguing that the second sentence of that provision does not limit the type of evidence that can rebut the RCW 51.32.185(1) presumption. But the examples of rebutting evidence provided in RCW 51.32.185(1)(d) share the common characteristic that they are all nonoccupational risk factors *specific to an individual claimant*. Nothing in RCW 51.32.185(1)(d) suggests that an employer can rebut the presumption by showing that there actually is no connection between firefighting and bladder cancer.

The City also argues that the governor's veto of a section providing a statement of intent of a 2002 bill amending RCW 51.32.185(1) supports its position. One of the vetoed provisions stated, "Fire fighters are exposed to polycyclic aromatic hydrocarbons as products of combustion and these chemicals have been associated with bladder cancer. The epidemiologic data suggests fire fighters have a three-fold risk of bladder cancer compared to the population as a whole." LAWS OF 2002, ch. 337, § 1(d), at 1717-18. The explanation of the partial veto stated that the governor strongly supported the statutory presumption, but stated that "[t]he assumptions in section 1 of this bill have not been clearly validated by science and medicine." LAWS OF 2002,

11

ch. 337, veto statement at 1719. The City argues that this veto rejects the ideas that RCW 51.32.185(1) creates a legal conclusion that firefighting causes bladder cancer.[3]

However, this veto does not support the City's position. The significance of the veto is that the presumption for bladder cancer remained the law – strongly supported by the governor – even without a statutory finding that firefighters have a greater risk of bladder cancer. The veto explanation is consistent with the statement in *Spivey* that RCW 51.32.185(1) was designed to "compensate firefighters even in circumstances when there may not be strong medical or scientific evidence establishing a definitive causal relationship between firefighting and the disease." 187 Wn.2d at 735.

Accordingly, we hold that the City's evidence showing that firefighting in general does not cause bladder cancer is insufficient to create a question of fact as to whether the RCW 51.32.185(1) presumption was rebutted in this case.

2.    Evidence Needed to Rebut Presumption

The next question is whether the City presented any other evidence that would rebut the RCW 51.32.185(1) presumption. In *Spivey*, the court stated that to rebut the RCW 51.32.185(1) presumption, a firefighter's employer must "provide evidence from which a reasonable trier of fact could conclude that the firefighter's disease was, more probably than not, caused by nonoccupational factors." 187 Wn.2d at 735.

As we discuss above, an employer cannot satisfy this burden by attempting to prove that firefighting in general does not cause bladder cancer. Instead, the employer must focus on

---

[3] The City also refers to a veto of a section providing a statement of intent of a 2007 bill amending RCW 51.32.185(1). *See* LAWS OF 2007, ch. 490, at 2253. The explanation of veto stated a concern that the statement of intent contained "broad generalizations about the incidence of cardiovascular disease." LAWS OF 2007, ch. 490, veto statement at 2256.

evidence showing what caused the *individual claimant's* cancer. RCW 51.32.185(1)(d) provides a nonexclusive list of relevant factors: "use of tobacco products, physical fitness and weight, lifestyle, hereditary factors, and exposure from other employment or nonemployment activities." An employer can avoid summary judgment only if it presents evidence that creates a genuine issue of material fact the individual claimant's bladder cancer was caused by these or other nonoccupational factors.

An example of the type of evidence needed to rebut the RCW 51.32.185(1) presumption is found in *City of Bellevue v. Raum*, 171 Wn. App. 124, 286 P.3d 695 (2012). In that case, the employer presented evidence from four doctors that the firefighter claimant's cardiovascular disease was caused by a variety of non-employment-related factors, including high cholesterol, high blood pressure, and family history. *Id.* at 154. The court held that this evidence was sufficient for a jury to find that the employer had rebutted the presumption. *Id.* at 155.

The parties discuss whether in addition to showing that a firefighter's disease was caused by nonoccupational factors, an employer also must prove that firefighting was not a contributing cause. But *Spivey* is consistent with the conclusion that an employer can meet the burden of *production* and therefore avoid summary judgment by presenting evidence that the firefighter's disease was caused by nonoccupational factors. 187 Wn.2d at 735. We need not address whether an employer must disprove any connection between firefighting and a claimant's disease in order to meet the burden of persuasion at trial.

Here, the City did not even attempt to present any evidence that specifically related to the cause of Bradley's bladder cancer. The City's witnesses admitted that Bradley was not a smoker and had no family history of bladder cancer. There was evidence in the record that Bradley was exposed to second hand smoke while he was growing up, but none of the witnesses testified that

this exposure was a cause of his cancer. And the City's witnesses did not identify any other potential nonoccupational exposures that may have caused Bradley's bladder cancer.

The Supreme Court in *Spivey* declined to address "whether it would *ever* be permissible for a judge to decide the issue [of whether the firefighter presumption has been rebutted] as a matter of law." 187 Wn.2d at 729. But in the summary judgment context, there is no question that a superior court can rule as a matter of law when the nonmoving party does not provide sufficient evidence to create a genuine issue of material fact. CR 56(c); *Weaver*, 194 Wn.2d at 472.

We conclude that the City's evidence was insufficient to create a genuine issue of material fact that nonoccupational factors caused Bradley's bladder cancer. Accordingly, we hold that the superior court did not err in granting summary judgment in favor of Bradley.

D.     SUBSTANTIVE DUE PROCESS

The City argues for the first time in its reply brief that if the evidence shows that firefighting activities do not cause bladder cancer, the RCW 51.32.185(1)(a) presumption regarding bladder cancer is arbitrary and violates substantive due process. However, the City did not include a substantive due process challenge to RCW 51.32.185(1)(a) in its assignments of error and did not reference this claim in its opening brief. We generally do not address claims asserted for the first time in the reply brief. *Samra v. Singh*, 15 Wn. App. 2d 823, 834 n.30, 479 P.3d 713 (2020). Therefore, we decline to consider the City's substantive due process argument.

E.     ATTORNEY FEES ON APPEAL

Bradley argues that he is entitled to attorney fees on appeal under RCW 51.52.130 and RCW 51.32.185(9)(b). We agree.

RCW 51.52.130(2) provides that "[i]n an appeal to the superior or appellate court involving the presumption established under RCW 51.32.185, the attorney's fee shall be payable as set forth under RCW 51.32.185." RCW 51.32.185(9)(b) provides that attorney fees are permitted in an appeal to any court involving the presumption under RCW 51.32.185(1) and when "the final decision allows the claim for benefits."

Here, we affirm the superior court's order granting summary judgment in favor of Bradley and remand to DLI to approve his workers' compensation claim. Accordingly, we grant Bradley's request for attorney fees under RCW 51.52.130 and RCW 51.32.185(9)(b).

CONCLUSION

We affirm the trial court's order granting summary judgment in favor of Bradley and remand to DLI to approve Bradley's workers' compensation claim.

_____
MAXA, J.

We concur:

_____
LEE, C.J.

_____
VELJACIC, J.